UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| THOMAS HARLEY, | ) | Civil Action No.: 3:06-cv-1792-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NFN BEIOH; NFN GARDNER; LT. ROBINSON; BRCI PRISON OFFICIALS; and JON OZMINT; | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court with the Report and Recommendation of Magistrate Judge Joseph R. McCrorey filed on July 20, 2006.

Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 alleging that he was "strip-celled" under freezing conditions in 1999 and that he suffered frostbite as a result. The Plaintiff also makes a "continuing wrong" claim concerning medical care issues and alleged concealment up through May 30, 2006.

The Magistrate Judge recommended summary dismissal of Plaintiff's entire case for failure to exhaust administrative remedies as to the Plaintiff's "continuing wrong" allegations.[1] Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on July 28, 2006.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation

---

[1] The court notes that the Magistrate Judge's Report and Recommendation was filed before the U.S. Supreme Court case *Jones v. Bock*, 127 S.Ct. 910 (2007), which states that an inmate's exhaustion of administrative remedies as to some but not all claims in a complaint does not warrant dismissal of the entire action.

has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Plaintiff has essentially two claims, his frostbite claim and his "continuing wrong" claim. The Magistrate Judge found that the Plaintiff had exhausted his administrative remedies with regard to the frostbite claim, but had not exhausted his administrative remedies with regard to the "continuing wrong" claim. Therefore, under the pre-*Jones v. Bock* line of cases, the Magistrate Judge recommended dismissal of the Plaintiff's entire case. However, since the U.S. Supreme Court's decision in *Jones v. Bock*, it is now clear that the appropriate course of action for a court to take when presented with a "mixed" case containing both exhausted and unexhausted claims is for the court to dismiss the unexhausted claims and proceed with the exhausted claims. *Jones*, 127 S.Ct. at 924-25.

Therefore, Plaintiff's "continuing wrong" claim is dismissed without prejudice for

failure to exhaust administrative remedies. Plaintiff's frostbite claim shall proceed as this claim has been properly exhausted. However, the court notes that the Plaintiff's frostbite claim may be barred by the applicable statute of limitations.

## Conclusion

For the reasons stated above, the court adopts in part and rejects in part the Report and Recommendation of the Magistrate Judge. The court adopts the portion of the Report and Recommendation which finds that the Plaintiff's frostbite claim has been exhausted and the Plaintiff's "continuing wrong" claim has not been exhausted. The court rejects the portion of the Report and Recommendation which recommends dismissal of the entire case. Accordingly, Plaintiff's "continuing wrong" claim is **DISMISSED without prejudice** for failure to exhaust administrative remedies. Plaintiff's frostbite claim is recommitted to the Magistrate Judge for an Order authorizing issuance and service of process.

**IT IS SO ORDERED**.

May 21, 2007                                                          s/ R. Bryan Harwell
Florence, South Carolina                                              R. Bryan Harwell
                                                                      United States District Judge