IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THOMAS HARLEY, ) | Civil Action No. 3:06-1792-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NFN BEIOH; ) | |
| NFN GARDNER; ) | |
| LT. ROBINSON; ) | |
| BRCI PRISON OFFICIALS; AND ) | |
| JON OZMINT, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____ ) | |

This action was filed by the pro se Plaintiff on June 14, 2006.[1] He filed an amended complaint on July 17, 2006. Plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On July 20, 2006, the undersigned recommended that this action be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies. On May 21, 2007, the Honorable R. Bryan Harwell, United States District Judge, adopted the report and recommendation in part and rejected it in part. Plaintiff's continuing wrong claim was dismissed without prejudice for failure to exhaust his administrative remedies. His frostbite claim[2] was recommitted to the undersigned for an order authorizing issuance and service of process. Plaintiff has filed motions, as discussed below.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(d) and (e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] Plaintiff alleges that, in October 1999, he was subjected to excessive force, placed in a freezing cold cell, suffered frostbite, and was unable to obtain medical attention.

MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On September 20, 2006, Plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction.  He appears to be requesting that he receive medical care including an asthma inhaler and treatment for frostbite.  In his additional declaration in support of his motion (Doc. 16), Plaintiff also appears to be requesting that SCDC provide him with four copies of all documents he produces without cost to him.

To the extent that Plaintiff's allegations concern Defendants at Kershaw Correctional Institution (where he was housed at the time of the alleged incidents in October 1999) his claims are moot, as he is now an inmate at the Broad River Correctional Institution.   See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); and Ross v. Reed, 719 F.2d 689 (4th Cir. 1983).  Additionally, Plaintiff does not appear to have properly served his motion on Defendants.  See Fed. R. Civ. P. 5.[3] He merely states that he sent his "additional declaration" to Defendant Ozmint at SCDC's Office of General Counsel.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a)  plaintiff's likelihood of success in the underlying dispute between the parties;

---

[3]The Federal Rules of Civil Procedure require:
Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders..., every paper relating to discovery required to be served upon a party unless the court otherwise orders,... shall be served upon each of the parties.
Fed. R. Civ. P. 5(a).  Additionally, "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service...."  Fed. R. Civ. P. 5(d).

      (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;

      (c) the injury to defendant if an injunction is issued; and

      (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

      A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

      Plaintiff's motion should be also denied because Plaintiff is unlikely to be successful in the underlying dispute between the parties and is unlikely to suffer irreparable injury if interim relief is denied. A copy of Plaintiff's medical records was attached to an affidavit from Brenda Dash Frazier (Director of Medical Records at SCDC) in one of Plaintiff's prior actions. This court may take judicial notice of Civil Action Number 3:06-425-RBH-JRM. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

Plaintiff's medical records indicate that he was seen by LPN Gardner on October 24, 1999, at which time his respirations were noted to be even and non-labored. Gardner noted that Plaintiff was yelling and talking with other inmates while she was making her medication rounds. On October 31, 1999, Plaintiff complained of chest pain, but he was noted to be in no acute distress, he had no diaphoresis, and his color was within normal limits. On November 3, 1999, Plaintiff's lungs were noted to be clear and he had no wheezing. Orders were issued to check Plaintiff's peak flow and pulse oxygen twice a day. Plaintiff complained of asthma on November 12, 1999, but his lung fields were clear. It was also noted that Plaintiff had not picked up prescribed medications since approximately June of 1999. An asthma inhaler was issued to Plaintiff on December 14, 2001, and he was placed in the asthma clinic in April 2002. There is no indication that Plaintiff complained of any frostbite at or near the time of the alleged incident (October 1999). On June 9, 2006, Plaintiff complained to medical about freezing due to local body tissue destruction in the past when he claims he was frostbitten all over his body. Medical notes indicate no abnormalities to support Plaintiff's subjective report. These records do not support Plaintiff's claims of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff also appears to be requesting that SCDC provide him with free photocopies of documents he produces. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. The decision merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343 (1996). In order

4

to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989); Strickler v. Waters, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993). A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. Lewis, 518 U.S. at 353-54.

Here, Plaintiff has not alleged that he suffered any actual injury as a result of Defendants' actions. Plaintiff has filed numerous pleadings in this action with copies of documents attached. Further, he has not alleged that Defendants will not allow him to handwrite copies of documents or pay for copies. Charges for copying services, particularly in the light of available alternatives, do not constitute denial of access to the courts. See, e.g., Lyons v. Clark, 694 F. Supp. 184, 188 (E.D.Va. 1988)(inmates do not have unlimited rights to photocopies), aff'd, (4th Cir. 1989)[Table]; Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1981)(denial of free photocopying does not amount to a denial of access to the courts); Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980); Dugar v. Coughlin, 613 F. Supp. 849, 853 (S.D.N.Y 1985). It is, therefore, recommended that Plaintiff's motion for a TRO or preliminary injunction be denied.

## MOTION FOR SUMMARY JUDGMENT

On December 6, 2006, Plaintiff filed a motion for summary judgment. Plaintiff's motion was filed prior to the order authorizing service in this action. He has not shown that he properly served his motion on Defendants. See Fed. R. Civ. P. 5. Again, Plaintiff merely states that he sent the motion to Defendant Ozmint at SCDC's Office of General Counsel. Further, Plaintiff has provided

no basis for granting summary judgment to him at this stage. He claims that his medical records support his assertions that he did not receive medical treatment and an asthma inhaler, but records reveal that Plaintiff was seen by a nurse after the alleged incident and he received an asthma inhaler at a later date.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion for a TRO or preliminary injunction (Doc. 14) be denied. It is also recommended that Plaintiff's motion for summary judgment (Doc. 18) be denied.

        Respectfully submitted,

        s/Joseph R. McCrorey
        United States Magistrate Judge

July 17, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).