IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THOMAS HARLEY, ) | Civil Action No. 3:06-1792-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NFN BEIOH; ) | |
| NFN GARDNER; ) | |
| LT. ROBINSON; ) | |
| BRCI PRISON OFFICIALS; AND ) | |
| JON OZMINT, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ———————————————— ) | |

This action was filed by the pro se Plaintiff on June 14, 2006.[1] He filed an amended complaint on July 17, 2006. Plaintiff is currently an inmate at the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC"). Defendants are NFN Beioh ("Beioh"), a physician at Kershaw Correctional Institution ("KCI"); NFN Gardner ("Gardner"), a Nurse at KCI; BRCI Prison Officials; and Jon Ozmint ("Ozmint"), the Director of SCDC. On July 20, 2006, the undersigned recommended that this action be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies. On May 21, 2007, the Honorable R. Bryan Harwell, United States District Judge, adopted the report and recommendation in part and rejected it in part. Plaintiff's continuing wrong claim was dismissed without prejudice

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(d) and (e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

for failure to exhaust his administrative remedies. His frostbite claims[2] were recommitted to the undersigned for an order authorizing issuance and service of process. On July 18, 2007, Defendants filed a motion to dismiss. Plaintiff, because he is proceeding pro se, was advised on July 19, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. On August 10, 2007, Plaintiff filed what appears to be his memorandum in opposition to Defendants' motion to dismiss and his own motion for summary judgment. Plaintiff has filed numerous motions for preliminary injunctions.

## MOTION TO DISMISS

As noted above, Plaintiff's remaining claims (the "frostbite claims") concern a series of events that occurred in 1999, when Plaintiff claims he was assaulted by correctional officers, forced to be strip celled in freezing temperatures, suffered frostbite as a result, and was denied proper medical care. Defendants contend that their motion to dismiss should be granted because Plaintiff's claims are barred by the applicable statutes of limitations; there is no legal entity known as BRCI Prison Officials; Defendants Gardner and Robinson have not been served with the summons and Complaint; and Plaintiff's Complaint fails to state a cause of action upon which relief may be granted against these Defendants.

    1.    Statute of Limitations

Defendants contend that Plaintiff failed to file this action within the statutory period of two to three years from the time of the alleged incidents in 1999, such that his claims are barred

---

[2] Plaintiff alleges that, in October 1999, he was subjected to excessive force, placed in a freezing cold cell, suffered frostbite, and was unable to obtain medical attention.

by the applicable statue of limitations. State law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. S.C. Code Ann. § 15-3-530. A cause of action which is subject to the South Carolina Tort Claims Act must be filed within two years after the date the loss was or should have been discovered, where a claim was not filed within one year of the alleged incident. S.C. Code Ann. § 15-78-110. There are exceptions for a plaintiff under a disability if, at the time the cause of action accrued, the plaintiff is either:

> (1) within the age of eighteen years; or
> (2) insane;
> the time of the disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended:
> (a) more than five years by any such disability, except infancy; nor
> (b) in any case longer than one year after the disability ceases.

S.C. Code Ann. § 15-3-40.

Plaintiff, in his cross-motion for summary judgment, appears to argue that he was unable to bring this action within the statute of limitations because he allegedly experienced frostbite in 1999 and failed to receive proper medical care. Plaintiff's August 10, 2007 Motion at 8. He has not shown, however, that South Carolina law allows the statute of limitations to be tolled for these reasons. It should also be noted that Plaintiff was able to file an action on May 8, 2001 (Civil Action 3:01-2207-TLW-JRM) in which he claimed that a Dr. Beinor was deliberately indifferent to his medical needs. Additionally, he filed two actions in this court in 2002 (Civil Action Numbers 3:02-1341-TLW-JRM and 3:02-3766-TLW-JRM). Thus, it is recommended that the remaining claims

in this action be dismissed as Plaintiff failed to file this action within the applicable statute of limitations.

    2.    <u>BRCI Prison Officials</u>

Defendants contend that there is no legal entity known as BRCI Prison Officials such that this Defendant must be dismissed. Plaintiff has not identified the "BRCI Prison Officials." Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. <u>See</u>, <u>e.g.</u>, <u>Martinez v. Winner</u>, 771 F.2d 424, 444(10th Cir. 1985)(Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); <u>Post v. City of Fort Lauderdale</u>, 750 F. Supp. 1131 (S.D.Fla. 1990); <u>Shelby v. City of Atlanta</u>, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984); <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(§ 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit).

    3.    <u>Service</u>

Defendants Gardner and Robinson contend that they should be dismissed because they have not been served with Plaintiff's Summons and Complaint pursuant to Rule 12. Plaintiff has not addressed this issue. Service was returned unexecuted as to these Defendants. <u>See</u> Docs. 30 and 32.

MOTIONS FOR PRELIMINARY INJUNCTIONS

On August 22, 2007, Plaintiff filed a motion for a "mandatory injunction." He claims that he is not receiving the necessary items to access the court because he has been deprived of a pen and paper and is having to "sell his chicken" in order to obtain these supplies. On October 9, October 30, and November 15, 2007, Plaintiff filed motions for preliminary or mandatory injunctions in

which he claims he is in grave danger because he is being "cold celled." The undersigned has construed these pleadings as motions for a preliminary injunctions.[3] Defendants filed responses on September 7, October 24, November 19, and November 30, 2007.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a)  plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c)  the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

---

[3]Plaintiff previously filed a motion for a TRO or preliminary injunction (Doc. 14) claiming that he was not receiving medical care and free photocopies of documents he produced. On July 7, 2007, the undesigned recommended that Plaintiff's motion be denied because Plaintiff's allegations were moot to the extent that they concerned defendants at KCI, Plaintiff was unlikely to be successful in the underlying dispute, and Plaintiff was unlikely to suffer irreparable injury. Medical records submitted in a prior action did not support Plaintiff's claims of deliberate indifference and Plaintiff did not allege any actual injury concerning his need for free photocopies. On August 15, 2007, Judge Harwell denied Plaintiff's motion.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

To the extent that Plaintiff's allegations concern Defendants at KCI (where he was housed at the time of the alleged incidents in October 1999) his claims are moot, as he is now an inmate at the BRCI. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); and Ross v. Reed, 719 F.2d 689 (4th Cir. 1983). Plaintiff's motion should be also denied because Plaintiff is unlikely to be successful in the underlying dispute between the parties and is unlikely to suffer irreparable injury if interim relief is denied, as discussed below.

Plaintiff claims that he is forced to sell his chicken to obtain pens and paper. Defendants contend that Plaintiff's motion for a preliminary injunction should be denied as to this matter because Plaintiff fails to provide any evidence of any irreparable harm and he has continued to be able to file motions in this action.

In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. The decision merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must

6

identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989); Strickler v. Waters, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993).  A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim.  Lewis, 518 U.S. at 353-54.

Here, Plaintiff has not alleged that he suffered any actual injury, such as missing a court deadline,  as a result of Defendants' actions.  Plaintiff has filed numerous lengthy pleadings in this action and filed new cases on June 27 and October 15, 2007 (Civil Action Numbers 3:07-1796-RBH-JRM and 3:07-3420-RBH-JRM).  Further, Captain Percy Jones ("Jones"), an employee at BRCI, states that all inmates receive paper and pen upon request.  He states that inmate accounts are charged accordingly or if an inmate is indigent, he is given the supplies and a record of charges is kept.  Jones further states that Plaintiff has not been denied paper or a pen.  Jones Aff.

Plaintiff claims that he is suffering harm because the temperature in his cell is too cold. Defendants contend that Plaintiff is in no grave danger as his cell is kept at the same temperature as other cells on his unit at BRCI and he has been issued long johns.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Eighth Amendment protection

from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Jones states that Plaintiff's cell is the same temperature as other cells on Plaintiff's unit at BRCI, the temperature is set at a reasonably comfortable level throughout the unit, and Plaintiff has been issued two sets of long johns at BRCI's expense. Percy Jones Aff. Plaintiff appears to claim that he is more sensitive to the cold because he experienced frostbite in 1999. A copy of Plaintiff's medical records was attached to an affidavit from Brenda Dash Frazier (Director of Medical Records at SCDC) in one of Plaintiff's prior actions.[4] Plaintiff's medical records reveal that there is no indication that Plaintiff complained of any frostbite at or near the time of the alleged incident (October 1999). On June 9, 2006, Plaintiff complained to medical about freezing due to local body tissue destruction in the past when he claims he was frostbitten all over his body. Medical notes indicate no abnormalities to support Plaintiff's subjective complaints.

---

[4]This court may take judicial notice of Civil Action Number 3:06-425-RBH-JRM. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc 36) be granted and Plaintiff's motion for summary judgment (Doc. 42) be denied. It is also recommended that Plaintiff's motions for preliminary and/or mandatory injunctions (Docs. 44, 50, 57, and 59) be denied.

    Respectfully submitted,

    s/Joseph R. McCrorey  
    United States Magistrate Judge

December 7, 2007  
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).