UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS HARLEY, ) | Civil Action No.: 3:06-cv-1792-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NFN BEIOH; NFN GARDNER; ) | |
| LT. ROBINSON; BRCI PRISON ) | |
| OFFICIALS; and JON OZMINT; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983.

Pending before the court are: 1) Plaintiff's [Docket Entry #26] motion for reconsideration of the court's Order adopting in part and rejecting in part the Report and Recommendation of the Magistrate Judge; 2) Defendants' [Docket Entry #36] motion to dismiss; 3) Plaintiff's [Docket Entry #42] motion for summary judgment; 4) Plaintiff's [Docket Entry #44] motion for preliminary injunction; 5) Plaintiff's [Docket Entry #50] motion for preliminary injunction; 6) Plaintiff's [Docket Entry #57] motion for mandatory injunction; and 7) Plaintiff's [Docket Entry #59] motion for preliminary injunction. These matters, except for Plaintiff's motion for reconsideration, are before the court with the Report and Recommendation [Docket Entry #63] of Magistrate Judge Joseph R. McCrorey filed on December 7, 2007.[1]

## Background

Initially, Plaintiff's amended complaint contained two claims: 1) that he suffered

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(d) and (e).

frostbite as a result of excessive force - being placed in a freezing cold cell and denied the ability to seek medical attention; and 2) a "continuing wrong" claim in which he raises medical care issues and alleges concealment.

On July 20, 2006, Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation in which he recommended that the Plaintiff's case be dismissed in its entirety based on the fact that his amended complaint was a "mixed" complaint containing both exhausted and unexhausted claims. The Magistrate Judge found that, based on the Plaintiff's answers to the court's special interrogatories, Plaintiff had exhausted his administrative remedies with regard to his frostbite claim, but had failed to exhaust his administrative remedies with regard to his "continuing wrong" claim. On May 21, 2007, this court adopted in part and rejected in part the Magistrate Judge's recommendation. Pursuant to *Jones v. Bock*, 127 S.Ct. 910 (2007), this court dismissed Plaintiff's unexhausted "continuing wrong" claim without prejudice and recommitted Plaintiff's frostbite claim for an Order authorizing issuance and service of process. *Jones*, 127 S.Ct. at 924-25.

On July 18, 2007, Defendants answered Plaintiff's amended complaint and filed an accompanying motion to dismiss. Plaintiff has filed several motions for preliminary and/or mandatory injunctions and a motion for summary judgment.

On December 7, 2007, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion to dismiss be granted and that Plaintiff's motions be denied. On December 18, 2007, Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

Matters Addressed in Report and Recommendation

The Magistrate Judge recommended that Plaintiff's frostbite claim be dismissed because it was not filed within the applicable statute of limitations. The alleged frostbite incident occurred in October 1999. This lawsuit was filed on June 14, 2006. Plaintiff concedes that his claim was filed after the statute of limitations expired, but argues that his case falls under the disability exception to the statute of limitations. S.C. Code Ann. § 15-3-40. However, as noted by the Magistrate Judge, Plaintiff filed one civil action in May of 2001, and two civil actions in 2002. Importantly, if the Plaintiff had filed the instant lawsuit in May of 2001, his

3

claim would not be barred by the applicable statute of limitations.[2]  Because Plaintiff's alleged disability did not prevent him from filing civil actions in 2001 and 2002, this court is not convinced that any alleged disability prevented Plaintiff from filing the instant lawsuit. Plaintiff has not shown that he qualifies for the disability exception to the statute of limitations.

With regard to the Plaintiff's motions for preliminary and mandatory injunctions, the Magistrate Judge found that the Plaintiff had failed to show any likelihood of success on the merits or that he was likely to suffer irreparable injury if interim relief was denied.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.  The court has reviewed the Plaintiff's objections and finds that they are without merit.

Plaintiff's Motion for Reconsideration

Plaintiff asks the court to reconsider its Order [Docket Entry #19] adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation [Docket Entry #10]. Specifically, Plaintiff asks the court to reconsider its dismissal of his "continuing wrong" claim for failure to exhaust administrative remedies.  Plaintiff appears to argue that his "continuing wrong" claim was actually exhausted in that the prison officials had failed to respond to his Step 1 Grievance within the established time limit for issuing a response.

Motions to reconsider under Rule 59 are not to be made lightly: "[R]econsideration of a

---

[2]     A cause of action which is subject to the South Carolina Tort Claims Act must be filed within two years after the date the loss was or should have been discovered, where a claim was not filed within one year of the alleged incident. S.C. Code Ann. § 15-78-110.

4

previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening *change in controlling* law; (2) on account of *new* evidence; or (3) "*to correct* a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that *could have been made before the judgment was entered*." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

In this case, the Plaintiff has failed to establish a sufficient basis for this court to reconsider its Order dismissing his "continuing wrong" claim for failure to exhaust administrative remedies. The basis of Plaintiff's motion is that he failed to argue that the prison officials had not responded to his Step 1 Grievance within the appropriate time period. Plaintiff states that he "overlooked the facts governing the Grievance Procedure of the established time limit for issu[ing] a response." [Plaintiff's motion to reconsider, at pg. 2, Docket Entry #26]. Plaintiff, however, may not use a motion to reconsider to make arguments that could have been made before the Order was issued. *See Hill*, 277 F.3d at 708.

The court's finding that Plaintiff had failed to exhaust his administrative remedies was based on Plaintiff's own responses to the court's special interrogatories. Moreover, Plaintiff has not shown that his continuing wrong claim has actually been exhausted or that the court's

5

dismissal of the claim amounted to a clear error of law or manifest injustice.[3]  Accordingly, Plaintiff's motion to reconsider is denied.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge.  Defendants' [Docket Entry #36] motion to dismiss is **GRANTED**; Plaintiff's [Docket Entry #42] motion for summary judgment is **DENIED**; Plaintiff's [Docket Entry #44] motion for preliminary injunction is **DENIED**; Plaintiff's [Docket Entry #50] motion for preliminary injunction is **DENIED**; Plaintiff's [Docket Entry #57] motion for mandatory injunction is **DENIED**; and Plaintiff's [Docket Entry #59] motion for preliminary injunction is **DENIED**.  Also, Plaintiff's [Docket Entry #26] motion for reconsideration is **DENIED**.  Plaintiff's frostbite claim is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

February 26, 2008                                              s/ R. Bryan Harwell
Florence, South Carolina                                   R. Bryan Harwell
                                                                       United States District Judge

---

[3]  Plaintiff's "continuing wrong" claim was dismissed <u>without prejudice</u>, which, of course, allows Plaintiff to file the claim at a later time provided the necessary prerequisites have been met.